Williams v. Davidson.

---

JOHN T. WILLIAMS, *etc.*, v. JACK DAVIDSON *et al.*
No. 12,112.   (68 Pac. 650.)

SYLLABUS BY THE COURT.

INTOXICATING LIQUORS—*Sale in Kentucky—Unmarked Packages.*   A firm of liquor dealers in Kentucky, through their agent in this state, sold to the defendant several cases of whisky in quart and pint bottles.   The agent knew when he took the order that the buyer intended to resell the liquor in violation of the laws of this state.   The whisky was delivered to a carrier in Kentucky, packed in plain boxes, consigned to the buyer, with nothing to indicate the contents of the packages.   *Held*, that the sellers did not so conceal the nature of the goods as to prevent a recovery for the value of the whisky in the courts of this state, within the rule of *Feineman v. Sachs*, 33 Kan. 621, 7 Pac. 222, 52 Am. Rep. 547.

Error from Sedgwick district court; D. M. Dale, judge.   Opinion filed April 5, 1902.   Reversed.

*O. G. Eckstein*, for plaintiffs in error.
*Amidon & Conly*, for defendants in error.

The opinion of the court was delivered by

SMITH, J.: Jack Davidson bought from Taylor & Williams, wholesale liquor-dealers in business at Louisville, Ky., five cases of Yellowstone whisky in quart bottles, and three cases of the same liquor in pint bottles.   When sued on the account he filed the following answer, which was verified:

"Now comes J. A. Davidson, and, for an answer to the bill of particulars filed herein, admits that he purchased from the said plaintiff the goods mentioned and set out by the plaintiff in his bill of particulars.

"Further answering this defendant alleges that at the time he purchased the said goods mentioned and set forth in plaintiff's bill of particulars he was unlawfully and illegally engaged in the liquor traffic, and that he was so engaged without a permit, and that the said plaintiff knew that the said defendant was so engaged without a permit; that the agent of the plaintiff, whose name defendant is unable to give at the present time, sold the said goods mentioned in said plaintiff's bill of particulars to this defendant in the city of Wichita, Sedgwick county, Kansas, for the purpose of assisting and aiding the defendant in the violation of the liquor law of Wichita, Sedgwick county, Kansas.

"Wherefore defendant demands judgment against said plaintiff for the costs of this suit."

It was shown at the trial that it was lawful to sell intoxicating liquors in Kentucky.   The defendant below testified that at the time the whisky was bought he was running a "joint" in Wichita, in violation of the laws of the state; that one Townsend sold him

the whisky, the price of which is in controversy; that he did not know that Townsend was the agent of any other person; that he (Townsend) said he would ship the liquor into Kansas so that nobody would know the contents of the packages. Defendant in error testified that he then bought of Townsend twenty-five cases of whisky, with the understanding that he might send an order in for what he needed at any time, and that it would be shipped by instalments as called for. The liquor came to Wichita in plain boxes. Defendant below testified that when the first two cases of whisky were received by him he discovered that Taylor & Williams were sending them. The value of the shipment last made is in controversy here. It was ordered by the following letter:

"WICHITA, KAN., April 16, 1895.
*Messrs. Taylor & Williams, Louisville, Ky.:*
GENTLEMEN—Send by freight five cases of Yellowstone qts., three cases Yellowstone pts.
Respectfully,     WALL & DAVIDSON."

The previous shipments were paid for. Davidson testified as follows:

"He (Townsend) says, you better let me send you twenty-five cases. Well, I says, that is too much. We can't handle that much at one time. Well, he says, as you want it send in for what you want each time. We said, all right."

This, coupled with the acts of defendant below in ordering the whisky from Louisville, and the admissions of his counsel to the effect that Townsend told Davidson before the first order was given that he (Townsend) was representing Taylor & Williams, seems to corroborate the testimony of the latter and their agent, and shows a sale in Kentucky.

The court instructed the jury that if the whisky was, by agreement between the agent of plaintiff be-

low and Davidson, shipped in packages so as to conceal the true nature of the goods, the agent knowing the character of the business which Jack Davidson carried on, then no recovery could be had. This was error. The mere fact that the packages in which the liquor was shipped were not labeled or marked to indicate the contents does not amount to a concealment of what they contained. If the boxes had been marked "vinegar" or "mineral water" a deception might be inferred. It could not be expected that the number of glass bottles necessary to make up eight cases would be delivered to the carrier without being packed in boxes suitable for their safe transportation. The language used in *Feineman v. Sachs*, 33 Kan. 621, 626, 7 Pac. 222, 52 Am. Rep. 547, it is not contradictory to what we have said above.

There has been no discussion in the briefs of counsel, except by quotation from the opinion in the Feineman case, of the interstate commerce feature of the transaction out of which this action arose. Hence, we have not commented on that phase of the law and its effect on the right of recovery in whatever manner the liquor was shipped or marked. The case of *The State v. Hickox*, ante, p. 650, 68 Pac. 35, is pertinent to the facts appearing in the record here.

The defense interposed is based upon the defendant's unlawful acts which he sets up against the plaintiffs whose property he has received and used. The immunity which defendant below seems to have enjoyed from criminal prosecution has, no doubt, prompted a mistaken belief that he is equally secure from civil liability for his just debts.

The judgment of the court below will be reversed and a new trial ordered.

Doster, C. J., Greene, Ellis, JJ., concurring.